PICTURE IT SOLD, INC, a California corporation, Plaintiff—Appellant,

v.

ISOLD IT, LLC, a California limited liability company, Defendant—Appellee.

No. 06–15112.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 15, 2006.

Filed Aug. 28, 2006.

Ann Mcfarland Draper, Esq., Farber & Company Attorneys, LLP, San Francisco, CA, for Plaintiff–Appellant.

Timothy C. Davis, Damien Lillis, San Francisco, CA, Richard M. Johnson, Esq., Ladas & Parry LLP, Los Angeles, CA, Debra Lewis, Encinitas, CA, for Defendant–Appellee.

Before: CANBY, THOMPSON, and HAWKINS, Circuit Judges.

## MEMORANDUM [*]

Picture It Sold!, Inc. ("Picture It Sold") appeals from the denial of a preliminary injunction against its competitor, iSOLD IT, LLC ("I Sold It"). We review the district court's denial for an abuse of discretion, *Harris v. Board of Supervisors, Los Angeles County,* 366 F.3d 754, 760 (9th Cir.2004), and may affirm on any ground supported by the record, *Big Country Foods, Inc., v. Bd. of Educ. of Anchorage School Dist.,* 868 F.2d 1085, 1088 (9th Cir.1989).[1]

■ To prevail on its Lanham Act claim, Picture It Sold must demonstrate that it has a valid protectable trademark interest in a mark, and a use in commerce by I Sold It that is likely to cause confusion in the minds of the consuming public. *See Brookfield Communications, Inc. v. West Coast Entertainment Corp.,* 174 F.3d 1036, 1046 & n. 6 (9th Cir.1999). Even assuming Picture It Sold has a protected interest in the phrase "picture it sold," [2] on

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. We grant Picture It Sold's Request for Judicial Notice, although it does not affect the result in this case.

2. I Sold It argues that Picture It Sold has not demonstrated a protectable interest in the phrase "picture it sold," as opposed to the particular stylized mark it registered. I Sold It also points out that someone else owns the website www.pictureitsold.com. Ownership of a domain name, of course, is not determinative. *See Brookfield,* 174 F.3d at 1046–53;

the record before us, there is insufficient evidence that I Sold It has used or purchased keyword advertising *on that phrase.*

The search results from Google and Yahoo! do not support Picture It Sold's claim because the internet searches were not conducted using quotation marks, so the search engine would pull up results containing those words and in any order. Because I Sold It's name contains two of the same words, and it had admittedly purchased keyword advertising on those words, its advertisement could show up even if it had not purchased advertising on the phrase "picture it sold." [3] Nor can we infer purchasing on the trade name from Kevin McGinnis's declaration, in which Rick Wetzel *denied* personally buying advertising on competitor's trade names, but noted that other companies do and "it's not illegal."

■ Picture It Sold argues we can also infer that I Sold It purchased keyword advertising because I Sold It's ad was also displayed if the searcher entered the names of its other major competitors, such as Auction Drop, Quick Drop or Snappy Auctions. The problem with this argument, as with the search on its own trade name, is that the search was not performed with quotations. The terms "auc-tion" and "drop" or "drop-off" are generic terms that describe I Sold It's business, and I Sold It could have legitimately purchased advertising on these terms without implicating *Brookfield.* *See Brookfield,* 174 F.3d at 1066. Finally, although Picture It Sold argues we can infer past purchases of its trade name because I Sold It's declarations are worded in present tense, I Sold It did deny having used the trade name or service mark "Picture It Sold" in its answer to the complaint.

As the moving party, Picture It Sold bears the burden of proving a likelihood of success on its trademark claim or at least serious questions going to the merits. *Id.* at 1046. It cannot do so without showing some use in commerce by I Sold It of its protected mark or something confusingly similar to it. At least at this stage of the proceedings, we are unable to make the inferences Picture It Sold asks us to make, which inferences are necessary for it to carry its burden.

We stress that we reach this conclusion on the limited state of the record before us. Upon further discovery, such as obtaining records from Google or Yahoo!, Picture It Sold may be able to prove that I Sold It was indeed purchasing advertising on its trademark at some point in the

*Interstellar Starship Services, Ltd. v. Epix, Inc.,* 304 F.3d 936 (9th Cir.2002).

**3.** Picture It Sold's complaint does not allege that I Sold It's trade name is confusingly similar to Picture It Sold, and its motion for a preliminary injunction is based on I Sold It's purchase of advertising "keyed" to Picture It Sold's protected mark, not on I Sold It's choice of a trade name. Further, Picture It Sold does not allege any rights in the individual words "it" or "sold," nor could it, as these are generic words that, by themselves, are not capable of trademark protection. *See KP Permanent Make-Up, Inc. v. Lasting Impression 1, Inc.,* 408 F.3d 596, 602 (9th Cir. 2005).

To the extent that Picture It Sold argues that purchasing advertising on "it" and "sold" is problematic just because I Sold It's ad will display (an argument it never clearly makes), this assertion is contrary to *Brookfield,* which specifically noted that (1) intentional use of the trademark is required, 174 F.3d at 1065 and (2) that it would be acceptable for West Coast to use the untrademarked words "movie buff" in metatags. 174 F.3d at 1066. Moreover, Picture It Sold states in its Reply Brief that "it only sought an order enjoining I Sold It from buying keyword advertising on Picture It Sold's own name and colorable imitations thereof."

past.[4] If so, it would then be necessary for the district court to resolve the somewhat difficult question of whether this activity is sufficiently analogous to metatag use so as to be prohibited by *Brookfield* under its rather broad discussion of initial interest confusion, 174 F.3d at 1062–65, or whether the activity might fall within the possible exception to *Brookfield* that this court suggested in *Playboy Enterprises, Inc. v. Netscape Communications Corp.*, 354 F.3d 1020, 1029 & n. 43 (9th Cir.2004); *see also id.* at 1025 n. 16; *but see id.* at 1034–36 (Berzon, J., concurring). On this record, however, such a ruling would be premature. AFFIRMED. This panel retains jurisdiction over any further appeals in this case.

---

4. Indeed, we have received a post-argument submission from Picture It Sold to this effect. However, the evidence is not part of the current record, and this evidence, as well as any counter-evidence I Sold It might present, must be laid before the district court for its determination.

